# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | |
| ) Case Nos. 07-40106-JAR | |
| **INDELFONSO VAZQUEZ-MARTINEZ,** ) 09-4110-JAR | |
| a.k.a. "Indelfonso Vasquez-Martinez," ) | |
| a.k.a. "Poncho," ) | |
| ) | |
| Defendant/Petitioner. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Indelfonso Vazquez-Martinez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 83). In his motion, petitioner seeks relief on the following grounds: (1) the Court's consideration of relevant conduct when determining the length of sentence, (2) his guilty plea was neither intelligent nor voluntary due to ineffective assistance of counsel based on an inappropriate sentencing calculation, (3) ineffective assistance of counsel for failing to file a direct appeal to petitioner's sentence, (4) inappropriate application of the statutory penalty, (5) inappropriate calculation of the statutory penalty, and (6) ineffective assistance of counsel for failing to advise petitioner that the plea agreement included a waiver of appeal. The government has filed a Motion for Enforcement of the Plea Agreement and for Dismissal of Defendant's § 2255 Motion (Doc. 90). For the following reasons, the Court enforces the plea agreement and denies petitioner's motion.

**I.     Procedural Background**

On April 23, 2008, petitioner entered a guilty plea to Counts 2-6 of the Indictment, all counts of which charged violations of 21 U.S.C. § 841(a)(1). Those counts that petitioner pled guilty to charged him with possession with intent to distribute and dispense a mixture or substance containing a detectable amount of methamphetamine in varying amounts ranging from 26.6 to 56 grams.[1]

Petitioner was represented by attorney Pantaleon Florez, Jr. throughout these proceedings.[2] Petitioner signed a plea agreement[3] stating that he understood he faced a minimum sentence of five years and a maximum sentence of forty years of imprisonment, as well as four years of supervised release.[4] Attached to the plea agreement was a Petition to Enter Plea of Guilty, in which petitioner indicated that he understood he was not guaranteed any leniency in sentencing for entering a guilty plea, but rather that he was "prepared to accept any punishment permitted by law which the Court sees fit to impose."[5] In both the Petition to Enter Plea of Guilty and the plea agreement itself, petitioner stated that his guilty plea was voluntary.[6] Also, petitioner indicated in both documents that he was "fully satisfied" with the advice and representation of his counsel and he believed his attorney "had done all that anyone could do to counsel and assist" him.[7]

---

[1] (Doc. 7).

[2] (Doc. 83 at 10, Doc. 48 at 1).

[3] (Doc. 48).

[4] (Doc. 48 at 13).

[5] (Doc. 48 at 5).

[6] (Doc. 48 at 8, 22).

[7] (Doc. 48 at 7, 21).

Most importantly, in the plea agreement, petitioner acknowledged that he "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence."[8] In fact, the plea agreement specifically states that he waived his right to challenge his sentence by "any collateral attack, including . . . a motion brought under Title 28, U.S.C. § 2255."[9]

In exchange for petitioner's guilty plea, the government agreed to dismiss Count 1 of the Indictment, to not file any additional charges against him arising out of the same facts as the Indictment, and to recommend he receive a two offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.[10] The Court applied such a reduction in calculating petitioner's offense level at sentencing.[11]

At the plea hearing, petitioner stated on the record that he was satisfied with his counsel's advice and representation, including his lawyer's explanation of the terms and consequences of the plea agreement.[12] The Court verified that there were no promises of leniency made by government officials[13] and that petitioner was entering into the plea agreement under his own free will.[14] When the Court asked petitioner if he understood that he was "waiving or giving up [his] right to appeal from the prosecution, conviction, or sentence in this case," petitioner

---

[8] (Doc. 48 at 19).

[9] (Doc. 48 at 19).

[10] (Doc. 48 at 15-16).

[11] (Doc. 72 at 38).

[12] (Doc. 71 at 6, 13).

[13] (Doc. 71 at 6).

[14] (Doc. 71 at 8).

3

responded affirmatively.[15] He also responded that he understood that the Court is advised to consider relevant conduct when calculating the sentence length.[16] Further, petitioner agreed that he understood his guilty plea would result in a sentence between five and forty years in prison.[17]

Petitioner's sentencing hearing was held on September 8, 2008. Petitioner had filed some objections to the presentence report, and the Court addressed them individually at the hearing. The Court's ruling on the objections did not change the petitioner's offense level for guidelines calculation purposes. The Court determined that petitioner had an adjusted offense level of 39 with a criminal history category of I, for which the guideline range is 262-327 months.[18] The Court sentenced petitioner to 262 months incarceration on each of Counts 2-6, to be served concurrently.[19] Then, on August 6, 2009, petitioner filed the instant motion.[20]

**II.   Analysis**

The Court will first address whether petitioner waived his right to collaterally attack his sentence under § 2255 by knowingly and voluntarily entering a guilty plea under the agreement. The Court will then address petitioner's other grounds for relief. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the

---

[15] (Doc. 71 at 9).

[16] (Doc. 71 at 14-16).

[17] (Doc. 71 at 18).

[18] (Doc. 72 at 38).

[19] (Doc. 72 at 56-57).

[20] (Doc. 83).

4

Court is required to conduct an evidentiary hearing in a § 2255 case.[21] In this case, the Court determines that the motion and files are conclusive in establishing that this petitioner is not entitled to relief on the grounds asserted in his motion.

### A. Waiver of the Right to Collaterally Attack Sentence

Petitioner entered into a plea agreement with a provision waiving his right to collaterally attack his sentence.[22] The Court will hold a defendant and the government to the terms of a lawful plea agreement made knowingly and voluntarily.[23] Therefore, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence under § 2255 is generally enforceable.[24] The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.[25]

#### 1. *Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.[26] The Court strictly construes the waiver

---

[21] 28 U.S.C. § 2255(b).

[22] (Doc. 48 at 19).

[23] *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc); *see also United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[24] *United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001) (citing several cases coming to the same conclusion).

[25] *Hahn*, 359 F.3d at 1325.

[26] *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

and resolves any ambiguities against the government and in favor of the defendant.[27] As described above, petitioner's plea agreement contained a provision waiving his right to appeal and collaterally attack his sentence. The law ordinarily considers such a waiver sufficient "if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it."[28] Although petitioner may not have realized at the time of entering the plea agreement the exact sentence he would receive, it is clear from the language of the plea agreement itself as well as the Rule 11 colloquy at the plea hearing that petitioner understood that he was waiving his right to appeal or collaterally attack as a condition of the plea agreement. Therefore, the Court finds that the scope of this waiver unambiguously precludes petitioner from collaterally attacking, by way of a § 2255 motion, any matter in connection with his prosecution, conviction, and sentence.

The Court finds that petitioner has not waived the right to bring a claim that falls within the *United States v. Cockerham*[29] exception provided for in the plea agreement.[30] Petitioner's ineffective assistance of counsel claims may fall outside the scope of the waiver under this exception, which the Court will address separately.[31] The remaining claims that petitioner raises in his motion clearly fall within the scope of the waiver.

---

[27] *Hahn*, 359 F.3d at 1328.

[28] *Id.* (emphasis in original).

[29] 237 F.3d at 1187.

[30] This is the second ground for relief stated in petitioner's motion (Doc. 83).

[31] *Cockerham*, 237 F.3d at 1187 (holding that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver").

6

## 2. *Knowing and Voluntary Waiver*

Petitioner's waiver is enforceable when said waiver is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[32] When determining whether a waiver of appellate rights was knowing and voluntary, the Court must examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.[33] Here, both requirements are met because the waiver is explicitly stated in the written plea agreement, and petitioner's statements at the plea hearing show that the waiver was made both knowingly and voluntarily. For example, at the plea hearing, the Court explained to petitioner that his plea agreement contained the waiver, and the defendant agreed with that statement:

> THE COURT: All right. You understand that in this plea agreement you are waiving or giving up your right to appeal from the prosecution, conviction, or sentence in this case?
> THE DEFENDANT: Yes.

Petitioner also stated on the record that his decision to plead guilty was made voluntarily and of his own free will.[34] Further, he stated that he did not receive any promises or assurances that would have induced him into signing the agreement, other than what was contained in the agreement itself.[35] Petitioner is "bound by his solemn declarations in open court" that contradict the statements in his motion that he did not understand the consequences of the plea or waiver of

---

[32] *Id.* at 1183.

[33] *Hahn*, 359 F.3d at 1325.

[34] (Doc. 71 at 8).

[35] (Doc. 71 at 6).

7

appeal.[36] Therefore, the language of the plea agreement and the statements made by petitioner during the plea colloquy establish that petitioner's waiver was given knowingly and voluntarily.

### 3. *Miscarriage of Justice*

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice."[37] This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[38] The defendant bears the burden of demonstrating that his waiver meets one of the above requirements and thus qualifies as a miscarriage of justice.[39] Here, petitioner's sentence does not exceed the statutory maximum, there is no evidence of an error seriously affecting the judicial proceedings, nor is there any evidence that the district court relied on any impermissible factor. Therefore, petitioner's only plausible argument is that he received ineffective assistance of counsel, which is discussed below.

### B. **Ineffective Assistance of Counsel**

Petitioner claims that his counsel was ineffective for: (1) failing to properly advise him of

---

[36] *Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir.), *cert. denied*, 519 U.S. 998 (1996).

[37] *Hahn*, 359 F.3d at 1327.

[38] *Id*.

[39] *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

8

his potential sentence, (2) failing to file a direct appeal,[40] and (3) failing to advise petitioner that the plea agreement precluded appeal of petitioner's sentence.[41]

Petitioner's plea agreement cites one exception from his waiver of appeal and collateral attack in the case, which is that of *United States v. Cockerham*.[42] Under *Cockerham*, a plea agreement waiver of post-conviction rights, such as those of appeal or collateral attack, "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[43] However, in order for petitioner's ineffective assistance claims to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of the plea.[44] In the instant case, petitioner contends that he received ineffective assistance of counsel in that: (1) counsel failed to provide an accurate calculation of petitioner's sentence, and (2) counsel failed to advise petitioner regarding his rights to appeal. Petitioner's claim for ineffective assistance of counsel for failure to file an appeal falls within the scope of petitioner's waiver.[45] The Court proceeds to consider whether the other two claims survive the waiver.

---

[40] (Doc. 83 at 7).

[41] (Doc. 83 at 14-15).

[42] 237 F.3d at 1187.

[43] *Id.*

[44] *Id.*

[45] *United States v. Macias*, 229 F. App'x 683, 687 (10th Cir. 2007) (a claim that counsel was ineffective for failing to consult with defendant post-sentencing regarding an appeal, when the right to appeal was waived in a plea agreement, is barred by the plea agreement waiver, which the government sought to enforce); *United States v. Davis*, 218 F. App'x 782, 784 (10th Cir. 2007) (a claim of ineffective assistance for failure to file an appeal "does not go to the validity of the waiver or his plea agreement").

In order to succeed on a claim of ineffective assistance of counsel, defendant must meet the two-prong test set forth in *Strickland v. Washington*.[46] Under that test, defendant must first show that counsel's performance was deficient because it "fell below an objective standard of reasonableness."[47] The Court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[48] Second, defendant must show that counsel's deficient performance actually prejudiced his defense. "In the context of a guilty plea, the prejudice requires a defendant to show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[49]

Petitioner has no basis to claim ineffective assistance of counsel. In his Petition to Enter Plea of Guilty, petitioner stated that he believed his attorney had "done all that anyone could do to counsel and assist me, **and I am satisfied with the advice and help he has given me**."[50] In the Plea Agreement itself, petitioner states that he "has had sufficient time to discuss this case, the evidence, **and this agreement** with [his] attorney and [he] is fully satisfied with the advice and representation provided by [his] counsel."[51] Furthermore, at the plea hearing, petitioner confirmed to the court that his attorney had explained all of the pending charges to him, explained the evidence against him, advised him regarding the court process, ensured that

---

[46] 466 U.S. 668 (1984).

[47] *Id.* at 688.

[48] *Id.* at 690.

[49] *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[50] (Doc. 48 at 7) (emphasis in original).

[51] (Doc. 48 at 21) (emphasis added).

petitioner understood the terms of the plea agreement and the petition to enter a guilty plea, as well as advised him regarding the potential consequences of a guilty plea.[52] When the Court asked petitioner if he was "satisfied with the advice and representation" he had received from his attorney, petitioner answered "yes."[53] Petitioner cannot now contend that his attorney failed to discuss the waiver of appeal with him when petitioner himself stated that he discussed the terms of the plea agreement with counsel to petitioner's satisfaction prior to entering the plea. Therefore, petitioner's claim that counsel failed to advise him regarding his rights to appeal is unconvincing.

The record shows that petitioner entered into the plea agreement with all appropriate information regarding his sentencing and his rights to appeal. The Court made it clear to petitioner during the plea colloquy that he faced between five and forty years imprisonment if he pled guilty.[54] Also, the Court confirmed with petitioner that he understood he was waiving his rights of appeal or collateral attack under the plea agreement.[55] Petitioner has not shown that but for his counsel's ineffectiveness he would have pled not guilty and proceeded to trial, therefore, he has not met his burden of proof in this case.

The Court finds that petitioner has failed to establish prejudice or that his counsel's performance "fell below an objective standard of reasonableness."[56] Because there is no basis for petitioner's claims of ineffective assistance of counsel, his § 2255 motion is barred by the

---

[52] (Doc. 71 at 5-6, 13).

[53] (Doc. 71 at 6).

[54] (Doc. 71 at 18).

[55] (Doc. 71 at 9).

[56] *Strickland*, 466 U.S. at 687-88.

waiver included in his plea agreement.[57]

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 83) is DENIED;

**IT IS FURTHER ORDERED** that the government's Motion for Enforcement of the Plea Agreement and for Dismissal of Defendant's § 2255 Motion (Doc. 90) is GRANTED.

**IT IS SO ORDERED.**

Dated: December 23, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[57] *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (requiring that there be a basis for an ineffective assistance claim before it can survive a waiver).