ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case Nos. 07-40106-JAR |
| **INDELFONSO VAZQUEZ-MARTINEZ,** | ) | 09-4110-JAR |
| a.k.a. "Indelfonso Vasquez-Martinez," | ) | |
| a.k.a. "Poncho," | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On December 23, 2009, the Court issued a Memorandum and Order denying petitioner's Motion to Vacate under 28 U.S.C. § 2255 and granting the government's Motion to Enforce Plea Agreement (Doc. 91). On January 14, 2010, petitioner filed a "Notice of Appeal" (Doc. 92). In his notice of appeal, petitioner requests a certificate of appealability on the issue of whether the waiver of the right to collaterally attack his sentence, contained in his plea agreement, is enforceable because it was the product of ineffective assistance of counsel (Doc. 95). Therefore, the Court considers whether a certificate of appealability ("COA") is appropriate with regard to this issue pursuant to 28 U.S.C. § 2253.[1]

Petitioner is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right."[2] Petitioner may satisfy his burden only if "reasonable jurists

---

[1] *See* 28 U.S.C. § 2253(c)(1)(B), (c)(3); Fed. R. App. P. 22(b); *see also Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (construing notice of appeal as application for COA).

[2] 28 U.S.C. § 2253(c)(2).

would find the district court's assessment of the constitutional claims debatable or wrong."[3] Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[4] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[5]

In his notice of appeal, petitioner contends that the waiver in the plea agreement should not have been enforced because under *United States v. Cockerham*,[6] his counsel promised an approximate sentencing range and failed to explain to him that relevant conduct would be attributed to him for the purposes of sentencing. Petitioner states that this failure on the part of counsel to provide him with a correct sentencing range estimate affected his decision to plead guilty. The Court declines to issue a certificate of appealability on this issue. The Court explained in its December 23, 2009 Memorandum and Order that the waiver was enforceable and that this ineffective assistance claim did not fall within the *Cockerham* exception because there was no basis for a claim of ineffective assistance of counsel. The Court found that under *Strickland v. Washington*,[7] counsel's performance did not fall below an objective standard of reasonableness and did not amount to prejudice. Because reasonable jurists would not find the Court's assessment of this claim debateable or wrong, a certificate of appealability should not be issued.

---

[3]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (construing 28 U.S.C. § 2253(c)).

[4]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[5]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

[6]237 F.3d 1179 (10th Cir. 2001).

[7]466 U.S. 668 (1984).

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's request for certificate of appealability (Doc. 95), included in his notice of appeal, is **denied.**

Dated: January 21, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE