**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**INDELFONSO VAZQUEZ-MARTINEZ,**

    **Defendant.**

Case No. 07-40106-01-JAR

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Indelfonso Vazquez-Martinez's *pro se* Motion for Resentencing (Doc. 144). For the reasons explained in detail below, the Court dismisses Defendant's motion as an unauthorized second or successive motion under 28 U.S.C. § 2255.

**I.     Background**

On April 23, 2008, Defendant pled guilty to Counts 2 through 6 of a six-count Indictment charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).[1] The Presentence Investigation Report ("PSR") calculated Defendant's base offense level at 36, as the offense involved 11.91 kilograms of methamphetamine.[2] Defendant also received a two-point enhancement for possession of a firearm,[3] and a four-point enhancement for his role in the offense.[4] Defendant's criminal history was category I, and this Court sentenced Defendant to 262 months' imprisonment on each count, to be served

---

[1] Doc. 48.

[2] U.S.S.G. § 2D1.1(c)(2) (calling for base offense level of 36 if the offense involved at least 5 kilograms but less than 15 kilograms of methamphetamine).

[3] U.S.S.G. § 2D1.1(b)(1).

[4] U.S.S.G. § 3B1.1(a).

concurrently.[5] This sentence was subsequently reduced to 210 months under Amendment 782 to the Sentencing Guidelines.[6]

The Tenth Circuit Court of Appeals granted the government's motion to enforce the appeal waiver in the plea agreement and dismissed Defendant's direct appeal.[7] Defendant filed his first motion to vacate sentence under 28 U.S.C. § 2255 on August 6, 2009,[8] which this Court denied on December 23, 2009.[9] Defendant subsequently filed the instant motion seeking resentencing in the wake of the Supreme Court's decision in *Johnson v. United States*.[10]

## II. Discussion

Defendant does not mention the federal habeas statute—28 U.S.C. § 2255—in his motion. Nevertheless, because of the nature of the relief that Defendant seeks, the Court construes his motion as a request for § 2255 habeas relief.[11] There is no question this is Defendant's second or successive motion.

A federal prisoner seeking authorization to file a second or successive § 2255 motion must demonstrate that his claims are based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the

---

[5] Doc. 72.

[6] Doc. 113.

[7] Doc. 82.

[8] Doc. 83.

[9] Doc. 91.

[10] 135 S. Ct. 2551 (2015).

[11] *See* 28 U.S.C. § 2255(f)(3) (contemplating relief from the underlying sentence based on a change in Supreme Court law).

offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[12]

For purposes of § 2255(h)(2), the *Johnson* decision constitutes a new rule of constitutional law that was made retroactive to cases on collateral review in *Welch v. United State*.[13] Because Defendant's first § 2255 proceeding was denied on the merits, in order to file a second or successive motion raising a *Johnson* claim, he must first obtain an order from the Tenth Circuit authorizing this Court to consider a second or successive § 2255 motion.[14] In the absence of such authorization, the district court lacks jurisdiction to consider the merits of a claim asserted in a second or successive § 2255 motion.[15]

The district court may transfer a successive § 2255 motion to the Tenth Circuit, rather than dismiss the motion for lack of jurisdiction, if a transfer is in the interest of justice.[16] Factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[17]

Defendant has not obtained authorization from the Tenth Circuit to file a second or successive § 2255 motion. Consequently, this Court must either dismiss the § 2255 motion for lack of statutory jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631.

---

[12] 28 U.S.C. § 2255 (h)(1) and (2); *see also Stanko v. Davis,* 617 F.3d 1262, 1265 (10th Cir. 2010) (stating that to obtain authorization to file a second or successive § 2255 motion, the movant must meet the gate-keeping requirements of § 2255(h)).

[13] 136 S. Ct. 1257 (2016).

[14] *See* 28 U.S.C. § 2255(h) (citing § 2244(b)(3)).

[15] *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008).

[16] *Id.* at 1251–52.

[17] *Id.* at 1251.

Defendant is currently serving a term of imprisonment of 210 months due to a drug trafficking conviction. Relevant here, the Guideline sentence tied to that conviction was enhanced two levels under U.S.S.G. § 2D1.1(b)(1) because Defendant possessed a firearm. In *Johnson*, the Supreme Court declared unconstitutionally vague a part of the Armed Career Criminal Act's ("ACCA") definition of "violent felony," referred to as the "residual clause."[18] Because Defendant was not sentenced as a career offender under the ACCA, however, his sole ground for relief is that the firearm enhancement under § 2D1.1(b)(1) is invalid in light of *Johnson*.

This claim is without merit, as *Johnson* and its progeny have no effect on the two-point enhancement. Defendant's motion can be granted only under circumstances where the Supreme Court finds that the advisory Federal Sentencing Guidelines are subject to scrutiny on vagueness grounds and that *Johnson* in turn applies retroactively to the Guidelines. In *Beckles v. United States*, however, the Court held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause."[19] Consequently, *Johnson* does not provide a retroactive gateway for Defendant to challenge his sentence. Accordingly, because Defendant's motion is founded on a vagueness challenge to a sentence imposed under the advisory Guidelines, and *Beckles* dictates that such an argument is unavailable, his motion to vacate sentence must be dismissed as an unauthorized successive motion rather than transferring to the Tenth Circuit.[20]

---

[18]576 U.S. at 2557. The residual clause expanded a list of enumerated offenses to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

[19]137 S. Ct. 886, 892 (2017).

[20]*See United States v. Lara-Jiminez,* 377 F. App'x 820, 822 (10th Cir. 2010) (explaining transfer not in the interest of justice when claims clearly do not meet requirements in Section 2255(h)); *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008) (stating district court may refuse to transfer motion where motion fails on its face to satisfy any of the authorization standards of Section 2255(h)).

### III.     Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.[21]  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[22]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[23]  For the reasons stated above, the Court finds that Vazquez-Martinez has not satisfied this standard and therefore, denies a certificate of appealability as to its ruling dismissing his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Indelfonso Vazquez-Martinez's Motion for Resentencing (Doc. 144)  is hereby DISMISSED as an unauthorized second or successive § 2255 motion.  Defendant is also denied a COA.

**IT IS SO ORDERED.**

Dated: December 1, 2017

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  UNITED STATES DISTRICT JUDGE

---

[21] The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a certificate of appealability.  Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[22] 28 U.S.C. § 2253(c)(2).

[23] *Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).