IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

INDELFONSO VAZQUEZ-MARTINEZ,

    Defendant.

Case No. 07-40106-01-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Indelfonso Vazquez-Martinez's *pro se* Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 (Doc. 148). Upon further review, the Court finds that Defendant's § 2255 motion was docketed in error and instead construes the pleading as a motion to reconsider the Court's Memorandum and Order dismissing Defendant's Motion for Resentencing as an unauthorized second or successive motion under 28 U.S.C. § 2255.[1]

D. Kan. Rule 7.3 states that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[2] Because Defendant filed his motion within twenty-eight days of this Court's Order, it is treated as a motion to alter or amend under Rule 59(e).[3] Grounds that justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously

---

[1] Doc. 147.

[2] D. Kan. R. 7.3(a).

[3] *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995) (applying earlier version of Rule 59(e), when the deadline was ten days instead of twenty-eight).

unavailable; or (3) a need to correct clear error or prevent manifest injustice.[4]  A Rule 59(e) motion does not permit a losing party to revisit issues previously addressed or to present new legal theories or facts that could have been raised earlier.[5]  Rather, such a motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[6]

Because Defendant proceeds *pro se*, the Court is mindful that it must construe his pleadings liberally and apply a less stringent standard than that applicable to attorneys.[7] Nonetheless, Defendant presents no valid legal argument to warrant relief from the Court's Order.  Although difficult to follow, Defendant's motion identifies neither an intervening change in the law nor new evidence that was previously unavailable.  To the extent Defendant contends that the Court committed clear error, he misstates the law and fails to establish that the Court has misapprehended the facts or his position.  Defendant appears to argue that the Supreme Court's decision in *Beckles v. United States* left open the question whether defendants sentenced when the United States Sentencing Guidelines were mandatory may mount vagueness attacks on their sentences.[8]  As explained in the Court's Order, however, Defendant's motion is founded on a vagueness challenge to a sentence imposed under the advisory Guidelines, and thus *Beckles*

---

[4]*Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[5]*Servants*, 204 F.3d at 1012.

[6]*Id*. (citation omitted); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[7]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[8]137 S. Ct. 886, 903 n.4 (2017) (Sotomayor, J. concurring); s*ee United States v. Brown*, 868 F.3d 297, 304 (4th Cir. 2017) (Gregory, C.J, dissenting).

dictates that such an argument is unavailable.[9]  Accordingly, Defendant's motion provides no basis for relief under Rule 59(e) and his motion is denied.[10]

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.[11]  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[12]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[13]  For the reasons stated above, the Court finds that Defendant has not satisfied this standard and therefore, denies a certificate of appealability as to its ruling dismissing his unauthorized second or successive § 2255 motion as well as this Order denying reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Indelfonso Vazquez-Martinez's Motion for Reconsideration (Doc. 148) is DENIED.  The clerk's office is

---

[9]Doc. 147 at 4. The Tenth Circuit recently concluded that for collateral proceedings, "the Supreme Court has not announced a new rule retroactively applicable to the mandatory Guidelines.  Nor . . . has the Supreme Court seen fit to take up the issue of *Johnson's* impact on the mandatory Guidelines." *United States v. Pullen*, 913 F.3d 1270, 1283 n.14 (10th Cir. 2019).

[10]Defendant also requests the Court to consider whether he is eligible for sentence reduction as a first offender under the First Step Act, which was signed into law December 21, 2018, after Defendant was sentenced. Although the Court declines to consider Defendant's request in the context of a motion to reconsider the dismissal of his second or successive § 2255 motion, it notes that Defendant was convicted of an offense involving methamphetamine and that the statutory penalties for drug conspiracies involving methamphetamine were not impacted by the Act.  *See, e.g., United States v. Tovar-Zamorano*, No. 16-20052-JAR, 2019 WL 2005918, at *2 (D. Kan. May 7, 2019) (explaining First Step Act permits courts to reduce a sentence retroactively under the Fair Sentencing Act of 2010, which modified the statutory sentencing range only for crack cocaine offenses).

[11]The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a certificate of appealability.  Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[12]28 U.S.C. § 2253(c)(2).

[13]*Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).

directed to change the title of the pleading accordingly.  Defendant is also denied a Certificate of

Appealability.

**IT IS SO ORDERED.**

Dated: May 18, 2020

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         CHIEF UNITED STATES DISTRICT JUDGE