## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

                                        Case No. 07-40106-01-JAR

INDELFONSO VAZQUEZ-MARTINEZ,

      Defendant.

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Indelfonso Vazquez-Martinez's *pro se* letter (Doc. 151), which the Court construes as motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Defendant's motion also requests that the Court appoint counsel to assist him with the compassionate release motion.  For the reasons set forth below, the Court denies the motion and the request for appointment of counsel without prejudice.

## I.  Background

On April 23, 2008, Defendant pleaded guilty to possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine on five separate occasions, in violation of 21 U.S.C. § 841(a)(1).[1]  On September 8, 2008, the Court sentenced him to a 262-month term of imprisonment on each count, to be served concurrently, followed by 4 years of supervised release on each count, also to be served concurrently.[2]  That sentence was subsequently reduced to 210 months under Amendment 782 to the U.S. Sentencing Guidelines.[3]

---

[1] Doc. 48.

[2] Doc. 62.  Judgment was entered on September 10, 2008.  *Id.*

[3] Doc. 113.

On September 18, 2008, Defendant filed an appeal in which he sought to challenge the Court's calculation of his sentence, and the government moved to enforce Defendant's appeal waiver in the plea agreement.[4]  The Tenth Circuit Court of Appeals granted the government's motion and dismissed the appeal.[5]  On August 6, 2009, Defendant filed a motion to vacate under 28 U.S.C. § 2255,[6] which this Court denied on December 23, 2009.[7]  He subsequently filed a motion seeking resentencing in the wake of the Supreme Court's decision in *Johnson v. United States*,[8] which the Court dismissed as an unauthorized second or successive § 2255 motion.[9]

Defendant is incarcerated at FCI Mendota in Mendota, California.  The Bureau of Prisons ("BOP") reports that 68 inmates have tested positive for COVID-19 out of 637 inmates tested at this facility.[10]  The BOP further reports that FCI Mendota has no active inmate cases, no active staff cases, and no deaths attributed to COVID-19.[11]  Defendant is 49 years old, and his projected release date is August 25, 2022.

On April 22, 2021, Defendant filed a *pro se* motion requesting compassionate release. He states that he has high cholesterol, fears contracting COVID-19, and wants to care for his four sons.  He further states that he has four grandchildren that he hopes "one day [he] will be able to meet."[12]  Defendant also requests that the Court appoint counsel to assist him with the motion.

---

[4] *See United States v. Vazquez-Martinez*, 306 F. App'x 434, 435 (10th Cir. 2009).

[5] *Id.*

[6] Doc. 83.

[7] Doc. 91.

[8] 135 S. Ct. 2551 (2015).

[9] Doc. 147.  The Court also later denied his motion for reconsideration of that dismissal.  Doc. 150.

[10] *COVID-19 Coronavirus: COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited May 25, 2021).

[11] *Id.*

[12] Doc. 151 at 2.

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[13]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[14]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[15] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[16]  The Tenth Circuit recently clarified that "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[17]

## III.    Discussion

### A.    Exhaustion

The government opposes Defendant's compassionate release motion because he "fails to demonstrate that he has submitted the proper request to the BOP in the first instance."[18]  Indeed, Defendant's motion does not show that he "fully exhausted all administrative rights to appeal a

---

[13] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[14] *Id.*

[15] Pub. L. No. 115-391, 132 Stat. 5194.

[16] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[17] *Maumau*, 993 F.3d at 837.

[18] Doc. 152 at 8.

failure of the [BOP] to bring a motion on [his] behalf" or that "30 days [lapsed] from the receipt

of such a request by the warden of [his] facility" before he filed the motion.[19]  The Tenth Circuit

has indicated, albeit only in unpublished decisions, that § 3582(c)(1)(A)'s exhaustion

requirement is a mandatory claim-processing rule.[20]  As such, the Court must enforce the rule

where, as here, the lack of exhaustion has been properly invoked by the opposing party.[21]

Defendant's motion is therefore denied without prejudice for failure to satisfy § 3582(c)(1)(A)'s

exhaustion requirement.

### B.      Appointment of Counsel

Defendant also requests that the Court appoint counsel to assist with his motion for

compassionate release.  Under District of Kansas Standing Order 19-1, the Federal Public

Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek

compassionate release under section 603(b) of the First Step Act of 2018.[22]  That Order was

supplemented by Administrative Order 20-8, which established procedures to address motions

brought on grounds related to the COVID-19 pandemic.  Under Administrative Order 20-8, the

FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate

release motion whether it intends to enter an appearance on behalf of the defendant, or whether it

seeks additional time to make such determination.  Here, the FPD has notified the Court that it

does not intend to enter an appearance in Defendant's case.

---

[19] 18 U.S.C. § 3582(c)(1)(A).

[20] *United States v. Avalos*, ---F. App'x---, No. 20-3194, 2021 WL 1921847, at *2 n.2 (10th Cir. May 13, 2021) (citing *United States v. Johnson*, ---F. App'x---, No. 20-6103, 2021 WL 1053706, at *2 (10th Cir. Mar. 19, 2021)).

[21] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017) (citation omitted).

[22] Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

And there is no constitutional right to appointed counsel "beyond the direct appeal of a criminal conviction."[23]  In exercising its "broad discretion" to determine whether to appoint counsel to an indigent litigant, the Court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[24]

The Court cannot conclude that the merits of Defendant's request for compassionate release warrant the appointment of counsel.  Even if he had satisfied § 3582(c)(1)(A)'s exhaustion requirement, Defendant would need to show that "extraordinary and compelling reasons" for a sentence reduction exist.  Defendant presents two reasons for a sentence reduction: (1) he has high cholesterol and fears contracting COVID-19; and (2) he needs to care for his four sons.  While a defendant's medical condition may present an extraordinary and compelling reason for release if it places the defendant at an increased risk of severe illness from COVID-19,[25] the Centers for Disease Control and Prevention has not identified high cholesterol as such a condition.[26]  Further, Defendant does not describe the type of family situation that rises to the level of extraordinary and compelling circumstances.  Defendant states that he has four sons—three are adults and one is 15 years old.  According to Defendant, his parents have been providing care to his sons because their mother "left them on their own," but "now [his] parents are old and [it's] time" for him to take over.[27]  To be sure, an extraordinary and compelling

---

[23] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2018); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion.").

[24] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering the appointment of counsel for indigent litigants under 28 U.S.C. § 1915).

[25] *See United States v. Pike*, No. 17-20051-01-JAR, 2021 WL 638023, at *2 (D. Kan. Feb. 18, 2021) (citing *United States v. Pullen*, No. 98-40080-01-JAR, 2020 WL 4049899, at *4 (D. Kan. July 20, 2020)).

[26] *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).

[27] Doc. 151 at 1.

reason for release exists when a defendant is the only available caregiver to family members who cannot care for themselves.[28]  But Defendant does not indicate that any of his three adult sons need a caregiver.[29]  And as to his 15-year-old son, Defendant does not show that his parents' old age have rendered them unable to provide care.  Nor does he show that he would be the only available caregiver to his minor child even if his parents were incapable of providing care.[30]  Thus, based on Defendant's motion, the Court cannot find that his compassionate release request has sufficient merit to warrant the appointment of counsel.

In any event, Defendant's compassionate release motion is not legally or factually complex,[31] and Defendant has adequately presented his arguments for relief.  The Court therefore denies Defendant's request for appointment of counsel to assist with his motion for compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant Indelfonso Vazquez-Martinez's Pro Se Motion for Compassionate Release (Doc. 151) is **denied without prejudice**.  His request for appointment of counsel is also **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: May 25, 2021

---

[28] *See United States v. Kataev*, No. 16 CR. 763-05, 2020 WL 1862685, at *3 (S.D.N.Y. Apr. 14, 2020) (citing *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020)).

[29] *Compare United States v. Kesoyan*, No. 2:15-236, 2020 WL 2039028, at *6 (E.D. Cal. Apr. 28, 2020) (granting a motion for compassionate release where the defendant's adult son was disabled and other family member caretakers had become incapacitated through sickness and substance abuse), *with United States v. Brown*, 457 F. Supp. 3d 691, 704 (S.D. Iowa 2020) (finding that the defendant's family circumstances did not qualify as extraordinary and compelling under § 3582(c)(1)(A) because, "although his daughter lacks a free parent—Defendant's wife died shortly before his incarceration—she is an adult and Defendant is not her caregiver").

[30] *See United States v. Cruz-Rivera*, No. CR 11-43, 2020 WL 5993352, at *5 (E.D. Pa. Oct. 9, 2020) ("District courts routinely deny motions for compassionate release when the defendant cannot show that they would be the only available caregiver . . . to a minor child." (citations omitted)).

[31] *See United States v. Cano*, No. 05-40116-01-JAR, 2021 WL 699996, at *2 (D. Kan. Feb. 23, 2021) ("Generally, a motion requesting compassionate release is not legally or factually complex.").

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE